

FILED IN OPEN COURT

9|4|24

CLERK U.S. ... COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    v.                          CASE NO. 3:24-cr- 179 - WWB - LLL

CRYSTAL DENEAN HARVELL

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, Crystal Denean Harvell, and the attorney for the

defendant, Darcy Galnor, Esq., mutually agree as follows:

A.    **Particularized Terms**

    1.    Counts Pleading To

        The defendant shall enter a plea of guilty to Counts One and

Two of the Information.  Count One and Two charge the defendant with

conspiracy to commit wire fraud and wire fraud, in violation of 18 U.S.C.

§§ 1349 and 1343.

    2.    Maximum Penalties

        Count One carries a maximum sentence of up to 20 years

imprisonment, a fine of up to $250,000, or twice the gross gain caused by the

offense, or twice the gross loss caused by the offense, whichever is greater, or

Defendant's Initials _CH_                    AF Approval _JMH_

both a term of imprisonment and a fine, a term of supervised release of not more than 3 years, and a special assessment of $100. A violation of the terms and conditions of supervised release carries a sentence of up to 2 years of imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

Count Two carries a maximum sentence of up to 20 years imprisonment, a fine of up to $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, or both a term of imprisonment and a fine, a term of supervised release of not more than 3 years, and a special assessment of $100. A violation of the terms and conditions of supervised release carries a sentence of up to 2 years of imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

Defendant's Initials _CH_                    2

The cumulative maximum penalties for Counts One and Two are up to 40 years' imprisonment, fines of up to $500,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, or both a term of imprisonment and a fine, a term of supervised release of not more than 3 years, and $200 in special assessments. A violation of the terms and conditions of supervised release carries a maximum additional term of not more than 4 years of imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

3.  Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First: two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the Information; and

Second: the defendant knew the unlawful purpose of the plan and willfully joined in it.

Defendant's Initials _CH_                3

The elements of Count Two are:

First:     the defendant knowingly devised or participated in a
           scheme to defraud to obtain money or property by using
           false or fraudulent pretenses, representations, or promises;

Second:    the false pretenses, representations, or promises were
           about a material fact;

Third:     the defendant acted with intent to defraud; and

Fourth:    the defendant transmitted, or caused to be transmitted, by
           wire some communication in interstate commerce to help
           carry out the scheme to defraud.

4.    Indictment Waiver

       Defendant will waive the right to be charged by way of

indictment before a federal grand jury.

5.    Mandatory Restitution to Victims

       Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees

to make full restitution to any victims.

6.    Acceptance of Responsibility - Three Levels

       At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will recommend to the Court that the defendant receive a

two-level downward adjustment for acceptance of responsibility, pursuant to

USSG § 3E1.1(a).  The defendant understands that this recommendation or

Defendant's Initials _CH_            4

request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7.  Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before

Defendant's Initials _CH_                    5

any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests

Defendant's Initials _CH_                6

solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

9.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or

Defendant's Initials _CtI_                    7

incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order

Defendant's Initials _CH_                    8

dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the

Defendant's Initials _CH_                    9

United States, the United States may move the Court to declare this entire plea agreement null and void.

10.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the $20,415 in proceeds the defendant admits she obtained, as the result of the commission of the offense(s) to which the defendant is pleading guilty. The defendant acknowledges and agrees that: (1) the defendant obtained this amount as a result of the commission of the offense(s), and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence.  Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offense(s) of conviction.  The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by

Defendant's Initials _CH_          10

the United States up to the amount of proceeds obtained from commission of the offense(s) and consents to the entry of the forfeiture order into the Treasury Offset Program. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _C H_                    11

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and

Defendant's Initials _CH_              12

USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing.  In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this

Defendant's Initials _C H_          13

agreement shall be determined as if the defendant had survived, and that

determination shall be binding upon defendant's heirs, successors and assigns

until the agreed forfeiture, including the forfeiture of any substitute assets, is

final.

**B.** **Standard Terms and Conditions**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

3663, including restitution as to all counts charged, whether or not the

defendant enters a plea of guilty to such counts, and whether or not such

counts are dismissed pursuant to this agreement.  The defendant further

understands that compliance with any restitution payment plan imposed by

the Court in no way precludes the United States from simultaneously pursuing

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),

including, but not limited to, garnishment and execution, pursuant to the

Mandatory Victims Restitution Act, in order to ensure that the defendant's

restitution obligation is satisfied.

Defendant's Initials _CH_         14

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

    2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to

Defendant's Initials _CH_       15

comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.   <u>Financial Disclosures</u>

     Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.   <u>Sentencing Recommendations</u>

      It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly

Defendant's Initials _C H_         17

reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

      8.    <u>Middle District of Florida Agreement</u>

      It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the

Defendant's Initials _CH_                    19

right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _CH_            20

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __15th__ day of ~~July,~~ August, 2024.


ROGER B. HANDBERG
United States Attorney


_____
CRYSTAL DENEAN HARVELL
Defendant


_____
KEVIN C. FREIN
Assistant United States Attorney


_____
DARCY GALNOR, ESQ.
Attorney for Defendant


_____
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Div.


Defendant's Initials _CH_          21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO. 3:24-cr- 179 - WWB- LLL

CRYSTAL DENEAN HARVELL

PERSONALIZATION OF ELEMENTS

**Count One**

1.      Do you admit that from a date unknown, but from at least in or about February 2016, and continuing through and including in or about September 2019, in the Middle District of Florida, and elsewhere, that you, along with your co-conspirators, agreed to try to accomplish a common and unlawful plan, that is, to commit wire fraud as charged in Count One of the Information?

2.      Do you admit that you knew the unlawful purpose of the plan and willfully joined in it?

Defendant's Initials _CH_                    22

## Count Two

1.      Do you admit that from a date unknown, but from at least in or about April 2021, and continuing through at least in or around November 2021, in the Middle District of Florida, you knowingly devised and participated in a scheme to defraud to obtain money or property by using false pretenses, representations, and promises?

2.      Do you admit that the false pretenses, representations, and promises were about a material fact?

3.      Do you admit that you acted with an intent to defraud?

4.      Do you admit that you caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud, that is, an Automated Clearing House (ACH) / wire transfer through the ACH network of proceeds from a Paycheck Protection Program loan in the amount of $20,415.00 from Prestamos to your Navy Federal Credit Union account in Jacksonville, Florida?

Defendant's Initials _CH_                23

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:24-cr-179 - WWB-LLL

CRYSTAL DENEAN HARVELL

<u>FACTUAL BASIS</u>

Beginning on an unknown date, but not later than in or about February 2016, and continuing through and including at least September 2019, as part of a conspiracy to commit wire fraud Crystal Denean Harvell (Harvell) and her conspirators fraudulently obtained the Social Security number (SSN) of genuine individuals. Harvell and others would recruit individuals to obtain lines of credit at various businesses, using the SSN. She and others would provide the individuals with the names of businesses to contact online and/or over the phone to apply for a line of credit, using the SSN. Harvell instructed conspirators to at times use their own personal identification information, combined with the stolen SSN when applying for a line of credit. If an individual was successful in obtaining a line of credit from a business, Harvell and others instructed the individual to call the business and among other things, increase the line of credit, change the address associated with the account, and add other authorized users.

Defendant's Initials _CH_

After obtaining a line of credit, Harvell and others would use the line of credit to purchase merchandise and instruct conspirators to purchase merchandise. This conspiracy included Harvell assisting two conspirators with fraudulently obtaining a vehicle, using SSNs that did not belong to the two conspirators. Harvell also used fraudulently obtained SSNs in order to apply for lines of credit from businesses. Harvell and her conspirators would sometimes resell on Facebook the merchandise fraudulently purchased from businesses, using Harvell's account under the name of Crystal Wistle. Among other businesses defrauded or attempted to be defrauded during the timeframe of the conspiracy were American Signature Furniture, Ashley Furniture, Home Design, Kane's Furniture, Rooms To Go, CareCredit, Lowes, PayPal, Sam's Club, Wal-Mart, Signet Jewelers and its companies to include Kay Jewelers and Jared.

In 2023, U.S. Secret Service Senior Special Agent (SA) Lomonaco began investigating a Small Business Administration (SBA) Paycheck Protection Program (PPP) loan for a beautician services business. Harvell applied over the internet for the PPP loan. He determined that on or about April 28, 2021, Blue Acorn, a third party processor for PPP loan applications, received Harvell's signed PPP loan application, that is, a SBA Form 2483-C PPP Borrower Application Form (PPP loan application). Accompanying the

Defendant's Initials _CH_                     2

PPP loan application was an image of Harvell's Florida driver license
containing a photo of her and her personal identification information, as
required by Blue Acorn. In the PPP loan application Harvell falsely claimed
that her business generated gross income of $98,000. She falsely certified
among other things that her business was in operation on February 15, 2020
and that the funds would be used for authorized expenditures under the rules
of the PPP. Harvell further falsely certified that her application and all
supporting documentation she submitted were true and accurate.
Accompanying the PPP loan application among other items was an IRS Form
1040, Schedule C, "Profit or Loss From Business" (Form 1040) filed by
Harvell. On the Form 1040 Harvell falsely represented that she materially
participated in 2020 in the purported beautician business. The beautician
business generated gross income of $98,000, incurred advertising expenses of
$7,000, supply expenses of $10,000, car and truck expenses of $11,000, and
other business expenses, totaling $40,500.

After processing it, Blue Acorn forwarded Harvell's PPP loan
application and accompanying Form 1040 to Prestamos Community
Development Financial Institution (Prestamos), a SBA Participating Lender
located in Arizona authorized by the SBA to lend funds for approved PPP
loan applications. As part of the PPP loan application process, Harvell signed

Defendant's Initials _C H_                3

and submitted on May 14, 2021, over the internet to Prestamos a "Business Purpose Statement SBA Paycheck Protection Program" document.  In this document Harvell falsely represented that the proceeds of the PPP loan for $20,415 would only be used for business related purposes, as authorized by the U.S. Small Business Administration PPP. The documents signed by Harvell on May 14, 2021, and submitted to Prestamos in Arizona in support of her fraudulent PPP loan application were sent from Florida to one of Prestamos computers servers outside the state of Florida.

In reliance on the materially false statements and representations contained in the PPP loan application and accompanying Form 1040, Harvell's PPP loan application was approved. Borrowing off a line of credit from the Federal Reserve, Prestamos funded the PPP loan. On or about May 21, 2021, through an Automated Clearing House / wire transfer, Prestamos deposited into Harvell's personal bank account at Navy Federal Credit Union (NFCU) $20,415, in PPP loan proceeds. Harvell subsequently used the fraudulently obtained loan proceeds for her own personal enrichment.

In October 2021, Harvell submitted a signed PPP loan forgiveness application, that is, a SBA Form 3508S - PPP Loan Forgiveness Application (PPP loan forgiveness application), that included multiple materially false and fraudulent representations. In the PPP loan forgiveness application Harvell

Defendant's Initials _C H_          4

certified among other things that the amount of the loan spent on payroll costs was $18,800 and that the PPP loan proceeds were only used for purposes eligible under the terms of the PPP. In reliance on the materially false statements contained in the PPP loan forgiveness application in November 2021, the SBA forgave the entire amount of the principal, plus interest on Harvell's PPP loan.

Defendant's Initials _C H_      5